T.C. Memo. 1996-222

UNITED STATES TAX COURT

BARRY I. FREDERICKS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16442-92.                          Filed May 9, 1996.

<u>Barry I. Fredericks</u>, pro se.

<u>Talitha L. Poulin</u> and <u>Francis J. Strapp, Jr.</u>, for

respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a deficiency in

petitioner's and his ex-wife's 1977 Federal income tax in the

amount of $28,361, plus increased interest under section

6621(c).[1]  The sole issue for decision is whether a Form 872-A

_____

[1]  All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
                                              (continued...)

signed by petitioner and his ex-wife should be held to be invalid as an indefinite extension of the period of limitations by reason of the application of the doctrine of equitable estoppel against respondent.[2]

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time petitioner filed his petition in this case,[3] he resided in Woodcliff Lake, New Jersey.

Pursuant to an extension of time granted by respondent, petitioner and his ex-wife (then his wife) timely filed a joint return for 1977 on June 14, 1978. They also filed an amended return for 1977, which was received by respondent on February 23, 1988.

---

[1](...continued)
Tax Court Rules of Practice and Procedure.

[2] Petitioner has not presented evidence to rebut the amount of the deficiency or the applicability of sec. 6621(c), but rather relies on his equitable estoppel argument as a bar to collection of any tax liability for 1977. There was some confusion at trial, however, as to whether petitioner had reported and paid a portion of the tax liability when he filed his amended 1977 return. Respondent has agreed to make the appropriate adjustment for any payments previously applied to petitioner's 1977 tax liability in a Rule 155 computation.

[3] Petitioner's ex-wife did not join in the petition and is not a party in this case.

Sometime during October 1980, a representative of respondent's Manhattan District Office forwarded a Special Consent to Extend the Time to Assess Tax (Form 872-A) to petitioner and his ex-wife requesting that they extend the period of limitations for the taxable year 1977 for an unlimited period. Petitioner and his ex-wife executed the Form 872-A on October 17, 1980, and mailed it to respondent in a preaddressed envelope provided for that purpose. The Form 872-A was received by respondent's Manhattan District Office on November 3, 1980, and signed by a representative of that office on November 4, 1980. The printed provisions that were part of the form executed by petitioner and his ex-wife provided, inter alia, that their 1977 taxes could be assessed by respondent at any time prior to 90 days following:

1. The receipt of a Notice of Termination of Special Consent to Extend the Time to Assess Tax (Form 872-T) by the Internal Revenue Service office considering the taxpayers' case;

2. the sending of such a notice of termination, Form 872-T, by the Internal Revenue Service to the taxpayers; or

3. the sending of a statutory notice of deficiency to the taxpayers for such period (plus the time that assessment of the deficiency was prohibited by law), plus 60 days.

Thereafter, in January 1981, a representative of respondent's Newark District Office contacted petitioner and

requested that he and his ex-wife sign a Consent to Extend the Time to Assess Tax (Form 872) for the taxable year 1977. Petitioner explained that he had previously submitted a Form 872-A for that year; however, respondent's representative indicated that the Form 872-A was "probably lost in the mail" as there was no record of it in the Newark District Office. Respondent's representative further indicated that a notice of deficiency would be issued unless petitioner and his ex-wife agreed to sign the Form 872 extending the time to assess tax to December 31, 1982. Petitioner and his ex-wife signed the Form 872 and mailed it to respondent's Newark District Office, where it was signed by respondent's representative on February 13, 1981.

Upon subsequent requests made by respondent, petitioner and his ex-wife signed two further consents on Forms 872 which were received and duly countersigned by a representative of respondent's Newark District Office:

1. In June 1982, extending the period of limitations for 1977 to December 31, 1983; and

2. in February 1983, extending the period of limitations for 1977 to June 30, 1984.

Respondent returned to petitioner a fully executed copy of the three Forms 872 within a reasonable time after respondent's representative countersigned each of these three consent forms.

No formal act of termination of petitioner's waiver and extension of the period of limitations with respect to 1977, as specified in the Form 872-A, occurred in this matter before the issuance of respondent's statutory notice of deficiency to petitioner and his ex-wife on July 9, 1992.

OPINION

Generally, the Commissioner must assess any deficiency within 3 years of the filing of a return. Sec. 6501(a). A taxpayer and the Commissioner can agree to extend the assessment deadline if they memorialize their agreement in writing prior to the expiration of the original assessment period. Sec. 6501(c)(4).

In the instant case, the parties executed a Form 872-A extending the period of limitations for the assessment and collection of tax for the 1977 taxable year for an indefinite time. Under the clear terms of the agreement, as set forth in our findings, this extension could be terminated unilaterally by either party's executing and mailing a Form 872-T, or by respondent's mailing of a statutory notice of deficiency to petitioner. Although a Form 872-T was not submitted in this case, petitioner nevertheless argues that respondent is equitably estopped from relying on the Form 872-A as an indefinite extension of the period of limitations. Respondent argues that

petitioner has not shown all the elements necessary to invoke the doctrine of equitable estoppel.  We agree with respondent.

It is well established that the estoppel doctrine should be applied against the Commissioner with the utmost caution and restraint.  Schuster v. Commissioner, 312 F.2d 311, 317 (9th Cir. 1962), affg. in part and revg. in part 32 T.C. 998 (1959); Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987); Estate of Emerson v. Commissioner, 67 T.C. 612, 617 (1977).  The following elements must be shown before equitable estoppel will be applied against the Government:  (1) A false representation or wrongful misleading silence by the party against whom estoppel is claimed; (2) error in a statement of fact and not in an opinion or statement of law; (3) ignorance of the true facts; (4) reasonable reliance on the acts or statements of the one against whom estoppel is claimed; and (5) a resulting detriment to the party relying on the false statement or misleading silence.  Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 60 (1995); see also Lignos v. United States, 439 F.2d 1365, 1368 (2d Cir. 1971); Hudock v. Commissioner, 65 T.C. 351, 363 (1975).  Additionally, the Court of Appeals for the Third Circuit, to which this case is appealable, has held that "a litigant must prove 'affirmative misconduct' to succeed on an estoppel claim against the government."  United States v. Asmar, 827 F.2d 907, 912 (3d Cir. 1987).  The burden of proof is on the

party claiming estoppel against the Government.  Rule 142(a);
Hofstetter v. Commissioner, 98 T.C. 695, 701 (1992).

Petitioner has failed to carry his burden of proof.
Petitioner contends that he was misled by respondent's
representatives into believing that the Form 872-A originally
submitted by petitioner was never received and that respondent
was not relying on that consent form as an indefinite extension
of the assessment period for petitioner's 1977 taxable year.  In
support thereof, petitioner points to respondent's failure to
send him a copy of the countersigned Form 872-A, respondent's
requests that petitioner execute three successive Forms 872
containing limited extensions of the assessment period for 1977,
and respondent's failure to issue a notice of deficiency until 8
years after the extension period specified in the third Form 872
had expired.  We note that there is no requirement that a copy of
the Form 872-A be served on petitioner after its execution on
behalf of the Commissioner.  Findlay v. Commissioner, 39 T.C.
580, 588 (1962), affd. and revd. on other issues 332 F.2d 620 (2d
Cir. 1964).  Additionally, the execution of a Form 872 subsequent
to executing a Form 872-A does not terminate the Form 872-A
extension of the period of limitations.  Kernen v. Commissioner,
902 F.2d 17, 18 (9th Cir. 1990).[4]  Nor does a valid Form 872-A
terminate through mere lapse of time.  Stenclik v. Commissioner,

---

[4]  See also Podell v. Commissioner, T.C. Memo. 1987-22.

907 F.2d 25 (2d Cir. 1990), affg. T.C. Memo. 1989-516; <u>Mecom v. Commissioner</u>, 101 T.C. 374, 391 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994); <u>Estate of Camara v. Commissioner</u>, 91 T.C. 957, 961-962 (1988).

We do not find, as petitioner contends, that respondent's actions manifested an intent to terminate the Form 872-A or that respondent affirmatively misrepresented any fact concerning the receipt and execution of the Form 872-A. Petitioner makes an unfounded assumption and the facts point to the opposite conclusion. Respondent's Manhattan District Office solicited the Form 872-A while respondent's Newark District Office solicited the subsequent Forms 872. The clear implication is that the Newark District Office did not know that the Manhattan District Office had obtained the executed Form 872-A. There has been no evidence presented to indicate that the Form 872-A was in the Newark District Office file and that respondent affirmatively misrepresented this fact. The statement made by respondent's representative that the Form 872-A was "probably lost in the mail" does not indicate an affirmative misrepresentation of fact but rather is an indication of that person's opinion or guess as to the fate of the Form 872-A. Consequently, we find that petitioner's misconception was not the product of any affirmative misrepresentation of fact or wrongful misleading silence by respondent.

Petitioner has also failed to prove the fourth and fifth elements of equitable estoppel. Petitioner claims that he signed the three Forms 872 in reliance on respondent's statements that the Form 872-A had not been received by the Newark District Office. However, petitioner testified that he read the Form 872-A before signing it, including the methods described therein for revoking the form. If petitioner intended to limit his extension of the assessment period, he could have done so by executing a Form 872-T at any time. See Grunwald v. Commissioner, 86 T.C. 85, 88-89 (1986). In light of the clear and unambiguous terms set out in the Form 872-A providing for unilateral termination of the extension, we do not find that the acts of reliance claimed by petitioner involve the level of detriment necessary to bring this case within the category of those "rare instances" where respondent should be estopped. See Estate of Emerson v. Commissioner, 67 T.C. at 618. "Such [equitable estoppel] claims cannot be sustained in the face of the taxpayers' own failure to act as required by the Form 872-A procedure." Stenclik v. Commissioner, supra at 28. Consequently, respondent is not estopped from relying on the Form 872-A signed by petitioner.

To reflect the foregoing,

Decision will be entered

under Rule 155.